The necessity that the date of the offense charged in the complaint and information must correspond has been frequently declared. Hoerr v. State, 4 Tex. App. 75; Lackey v. State, 53 Tex. Cr. R. 459, 110 S. W. 903; Winn v. State, 223 S. W. 230. Where the date of the offense is laid at an impossible date or where there is a variance between the allegation of the date of the offense in the complaint and information, this court has uniformly refused to sanction the conviction. Donaldson v. State, 15 Tex. App. 30; Clement v. State, 22 Tex. App. 25, 2 S. W. 379; Harwell v. State, 65 S. W. 521; Collins v. State, 5 Tex. App. 37; and citations thereof in Rose's Notes on Texas Rep. (2d Ed.) vol. 4, p. 1215.

Because of the impossible date and variance referred to, the judgment is ordered reversed, and the prosecution dismissed.

---

**BRADFORD v. STATE. (No. 6476.)**

(Court of Criminal Appeals of Texas. Nov. 23, 1921. Rehearing Denied Dec. 21, 1921.)

Criminal law ⟳1144(18)—Denial of new trial because of discrimination in forming grand jury presumed correct where not supported by evidence on appeal.

To consider the question of the overruling of motion for new trial on appeal, because of the discrimination in forming a grand jury, the averment in the motion must be supported by evidence, and in the absence of such evidence the ruling of the trial court is presumed to be correct.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Chas. Bradford was convicted of assault with intent to murder, and he appeals. Affirmed.

R. A. Campbell, of San Antonio, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Appellant was convicted of assault with intent to murder. Punishment fixed at confinement in the penitentiary for a period of seven years.

The point was made in the trial court and is brought here for review that appellant, being a negro, was the subject of intentional discrimination in the exclusion of negroes from the grand jury. The question was raised for the first time on motion for new trial. Whether it is waived by failing to present it at an earlier stage of the proceedings we need not consider, for the reason that the bills preserved failed to disclose that any evidence was introduced supporting the averment in the motion. It is intimated in the bills that the court excluded evidence, but the nature and character of the evidence is not revealed. It was incumbent upon the appellant to sustain his attack upon the indictment and the organization of the grand jury by evidence. His failure to do so deprives this court of the opportunity to determine whether his motion was true or not. The trial judge having overruled it, and in the absence of knowledge of facts upon which he acted, we must presume that his ruling is correct. Whitney v. State, 43 Tex. Cr. R. 197, 63 S. W. 879; Hemphill v. State, 75 Tex. Cr. R. 63, 170 S. W. 155; Vernon's Texas Crim. Statutes, vol. 2, p. 180, art. 409, and note.

The judgment is affirmed.

---

**ZIGMOND v. STATE. (No. 6499.)**

(Court of Criminal Appeals of Texas. Nov. 30, 1921.)

I. Criminal law ⟳1094—Conviction affirmed, in absence of statement of facts or bill of exceptions.

Where there is no statement of facts or bill of exceptions, and the complaint and information appear to be in regular form, and there seems nothing wrong with the court's charge, and no error appears in the record, the judgment of the trial court will be affirmed.

2. Criminal law ⟳1097(5)—Exception to charge not considered, in absence of statement of facts.

Defendant's exception to the court's charge as being on the weight of the evidence cannot be considered, in the absence of a statement of facts.

Appeal from Atascosa County Court; W. H. Hill, Judge.

Alex Zigmond was convicted of using abusive language, and appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the county court of Atascosa county of using abusive language, and his punishment fixed at a fine of $25.

[1, 2] The record is before us without a statement of facts or bill of exceptions. The complaint and information appear to be in regular form, and there seems nothing wrong with the charge of the court. Appellant excepted to the court's charge as being on the weight of the evidence, but in the absence of a statement of facts we cannot determine the merit of such exception.

No error appearing in the record, the judgment of the trial court will be affirmed.

---

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes